IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JASMINE HAWKINS <br> c/o Forester Haynie, PLLC <br> 400 North St. Paul Street, Suite 700 <br> Dallas, Texas 75201 <br><br> *On Behalf of Herself and* <br> *Others Similarly Situated* <br><br>     PLAINTIFF[1], <br><br> v. <br><br> SACOLO, LTD. <br> d/b/a PERFECT 10 MEN'S CLUB <br> 111 NW Loop 410 <br> San Antonio, Texas 78216 <br><br> SERVE:   Brian W. Bishop, Esq. <br>                 900 West Avenue <br>                 Austin, Texas 78701 <br><br>     DEFENDANT. | Case No.: 22-384 <br><br> Jury Demanded |

## COLLECTIVE ACTION COMPLAINT

1. This action is brought by Plaintiff Jasmine Hawkins a/k/a exotic dancer "Nola" ("Plaintiff), on her own behalf and on behalf of other similarly situated individuals, against Perfect 10 SACOLO, LTD. d/b/a Perfect 10 Men's Club – San Antonio (hereafter "Perfect 10").

2. During the entire period relevant to this action, Perfect 10 misclassified Plaintiff and other similarly situated female exotic dancers as "independent contractors" rather than as an employee at Perfect 10's Perfect 10 Men's Club located at 111 NW Loop 410, San Antonio, Texas 78216.

---

[1] To avoid retaliation, Plaintiff has used the mailing address of her attorney.

3.      As a result of this misclassification, Perfect 10 failed to pay Plaintiff and other similarly situated female exotic dancers required minimum wage compensation under the Federal Fair Labor Standards Act ("FLSA").

4.      Plaintiff brings this action on behalf of herself and other similarly situated female exotic dancers against Perfect 10 seeking back-pay, restitution, liquidated damages, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

5.      Plaintiff is an adult resident of San Antonio, Texas.

6.      Plaintiff affirms her consent in the writing of this Collective Action Complaint to prosecute her claim as part of an FLSA Collective Action and to seek unpaid wages and damages under the FLSA and for all other relief sought or awarded in this action.

7.      Perfect 10 is a business entity formed in Texas that operates as a men's club or gentlemen's club featuring female exotic dancers at the address 111 NW Loop 410, San Antonio, Texas 78216.

8.      During the relevant period, Perfect 10 was Plaintiff's employer within the meaning of the FLSA.

9.      During the relevant period, Perfect 10 had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

10.     Prior to the filing of this action, on March 2, 2022, Plaintiff, through counsel, served Perfect 10's Texas Registered Agent with a letter (i) identifying the nature of Plaintiff's FLSA claim and (ii) describing her intent to pursue an FLSA claim on her own behalf and on behalf of

other similarly situated individuals.

11.     On the final page of Plaintiff's March 2, 2022, correspondence to Perfect 10, Plaintiff states as follows:

> Finally, it is likely that Perfect 10's managers required [Plaintiff] to sign a document [Perfect 10] will assert constitutes a valid and/or binding arbitration agreement. Insofar as [Plaintiff] now makes a claim for damages that may fall under such an agreement, I am expressly requesting an opportunity to view and review this document.
>
> **Should [Perfect 10] fail or refuse to produce a valid and/or binding arbitration agreement, signed and executed by [Pliantiff], by or before Friday, March 18, 2022, I will consider [Perfect 10] to have knowingly and intentionally waived its right to enforce such an agreement and/or to compel arbitration of [Plaintiff's] claims or of the claims of other similarly situated current or former exotic dancers.**

(emphasis in the original).

12.     Perfect 10s failed to produce a valid and/or binding arbitration signed or executed by Plaintiff (or any agreement upon which Perfect 10 asserts Plaintiff's claims are subject to arbitration) by or before Friday, March 18, 2022.

13.     On March 30, 2022, Plaintiff, through undersigned counsel, emailed Perfect 10's Texas Registered Agent and stated as follows:

> i.   [Perfect 10] has not responded [to Plaintiff's March 2, 2022, correspondence];
>
> ii.  [Perfect 10] has knowingly and intentionally waived its potential right to compel arbitration as to [Plaintiff] or other similarly situated individuals; [and]
>
> iii. [Plaintiff, through counsel] will be moving forward with [Plaintiff's counsel's] local counsel to file a Collective Action lawsuit [against Perfect 10].

14.     Neither Perfect 10 nor Perfect 10's Registered Agent responded to Plaintiff's March 30, 2022, email challenging or otherwise disputing Perfect 10's waiver of its right to compel arbitration of Plaintiff's individual claims or claims belonging to similarly situated individuals.

15.     Since at least March 2, 2022, Perfect 10 has had knowledge of Plaintiff's FLSA claim and claims of other exotic dancers with substantially similar FLSA claims against Perfect 10

and has knowingly and intentionally refused to take affirmative steps to produce any arbitration agreement or to seek to compel Plaintiff's FLSA claims and/or the FLSA other current or former exotic dancers to the forum of arbitration.

16. Because Perfect 10 refused to arbitrate Plaintiff's FLSA claim and the related claims other similar exotic dancers or otherwise honor its duties and obligations under its own arbitration agreements (should such agreements exist), Perfect 10 is estopped from compelling arbitration as to Plaintiff's FLSA claim or the substantially similar FLSA claims of any similarly situated individuals that may join or opt-in to the action that may have signed or otherwise be bound by an arbitration agreement identical or substantially similar to the agreement Perfect 10 may at some future time assert that Plaintiff signed or is otherwise bound.

17. Equity and the doctrines of Waiver, Constructive Waiver, and Equitable Estoppel will not permit Perfect 10 to pick and choose when it will compel the arbitration of FLSA wage claims by current and former exotic dancer employees and when it will knowingly and/or constructively waive arbitration.

18. The relief sought in this action against Perfect 10 arises under the FLSA, a Federal Statute, and Subject Matter Jurisdiction is therefore proper in this Court based on Federal Question.

19. The alleged acts and omissions giving rise to this action occurred primarily in or around San Antonio, Texas and in consideration of this fact and the foregoing, Venue and Personal Jurisdiction are proper in the United States District Court for the Western District of Texas.

## **FACTS**

20. Plaintiff was employed by Perfect 10 as an exotic dancer at Perfect 10 Men's Club during

the period of about September 2019 through about December 2021 (with a pregnancy related break from employment from about June 2020 through about December 2020).

21. During the period April 2019 through the present (the "Class Period"), Perfect 10 has employed more than 100 current and former exotic dancers at its Perfect 10.

22. While employed, Plaintiff was an employee of Perfect 10 and was never an independent contractor.

23. During the Class Period, all individuals that worked as exotic dancers at Perfect 10 were Perfect 10's employees and were never independent contractors.

24. Throughout her employment, Perfect 10 misclassified Plaintiff as an independent contractor rather than as an employee.

25. During the Class Period, Perfect 10 misclassified all exotic dancers at Perfect 10 as independent contractors rather than as employees.

26. Throughout her employment, Perfect 10 paid Plaintiff no wages for work duties performed as an exotic dancer at its Perfect 10 Men's Club.

27. During the Class Period, Perfect 10 paid no wages to individuals working as exotic dancers at its Perfect 10 Men's Club.

28. For each shift Plaintiff worked while employed at Perfect 10, Perfect 10 required Plaintiff to pay Perfect 10 kickbacks and/or tip assignments ranging from $60.00 - $100.00 per shift for "house fees" and other charges and/or payments to the Perfect 10's managers, valet, DJ, bartenders, and House Mom.

29. During the Class Period, for each shift each exotic dancer worked at Perfect 10, Perfect 10 required each exotic dancer to pay Perfect 10 kickbacks and/or tip assignments ranging from $60.00 - $100.00 per shift for "house fees" and other charges and/or payments to Perfect 10's

managers, valet, DJ, bartenders, and House Mom.

30. During the Class Period, the number of shifts Plaintiff and other similarly situated exotic dancers worked varied from week to week.

31. During the Class Period, the exact number of hours Plaintiffs and other similarly situated exotic dancers worked varied from week to week.

32. During her period of employment, Plaintiff customarily worked 4-5 shifts per week for a total of about 24-30 hours per week.

33. Perfect 10 has possession, custody, and control of time and/or sign in records and "house fee" payment records for Plaintiff and other similarly situated exotic dancers.

34. At all times, agents on behalf of Perfect 10 had actual knowledge of all hours Plaintiff and other similarly situated exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiff and other exotic dancers' work duties.

35. During the Class period, Perfect 10 controlled the method by which Plaintiff and all other exotic dancers could earn money at the Perfect 10 Club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

36. During the Class Period, Perfect 10 required Plaintiff and each other exotic dancer to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Perfect 10.

37. During the Class Period, Perfect 10 hired Plaintiff and each other exotic dancer and had the ability to discipline, fine, fire, and adjust each individual's work schedule.

38. During the Class Period, Perfect 10, through supervisors and managers, supervised the

duties of Plaintiff and other exotic dancers to make sure each individual's job performance was of sufficient quality.

39.     During the Class Period, Perfect 10 conducted initial interviews and vetting procedures for Plaintiff each other exotic dancer and, at Perfect 10's sole discretion, Perfect 10's management and/or ownership could deny Plaintiff or any other exotic dancer access or ability to dance and/or work at Perfect 10.

40.     During the Class Period, Perfect 10 had the right to suspend or send Plaintiff or any other exotic dancer home and away from the Perfect 10 Club if Plaintiff or any other exotic dancer violated rules or policies or if Perfect 10's ownership or management, at its discretion, did not want Plaintiff or any other exotic dancer at the Perfect 10 Club.

41.     During the Class Period, neither Plaintiff nor any other exotic dancer was required to have or possess any requisite certification, education, or specialized training as a condition of employment with Perfect 10.

42.     During the Class Period, Perfect 10 was in the business of operating a men's club featuring female exotic dancers.

43.     During the Class Period, it was the primary job duty of Plaintiff and each other exotic dancers to perform as an exotic dancer for Perfect 10's customers.

44.     During the Class Period, without legal excuse or justification, Perfect 10 regularly and customarily kept and/or assigned to management tips and gratuities Plaintiff and each other exotic dancer received from Perfect 10's customers.

45.     Prior to and during the Class Period, Perfect 10 and its ownership had actual knowledge that exotic dancers like Plaintiff and other exotic dancers at Perfect 10 were employees and not independent contractors and were owed minimum wage compensation under the FLSA.

46. Prior to and during the Class Period, Perfect 10 and its ownership had actual or constructive knowledge that Perfect 10 misclassified Plaintiff and other exotic dancers as independent contractors, failed to pay them wages as required by Federal law, unlawfully withheld or assigned tips Plaintiff and other exotic dancers received from customers, and unlawfully charged Plaintiff and other exotic dancers kickbacks, fines, and surcharges.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff, on behalf of herself and other similarly situated exotic dancers that worked at the Perfect 10 - San Antonio Men's Club during the Class period, is pursing the herein alleged FLSA minimum wage claim as a collective action pursuant to FLSA Section 216(b).

48. Plaintiff and all other current or former exotic dancers worked for and at Perfect 10 during the Class Period were each denied FLSA required minimum wage compensation and are each owed unpaid FLSA minimum wage compensation, the return of unlawfully taken and/or assigned tips, and statutory damages for each hour worked during the relevant period.

49. For the entirety of the Class Period, Perfect 10 knowingly, willfully, or in reckless disregard of the law, maintained an illegal and class-wide practice of violating the FLSA minimum wage requirements and otherwise failing to pay Plaintiff and other exotic dancer employees at the Perfect 10 Club at hourly wage rates in compliance with the FLSA minimum wage requirements and unlawfully taking and assigning tips or gratuities received from customers.

## CAUSE OF ACTION
### VIOLATION OF THE FLSA – CLASS-WIDE FAILURE TO PAY MINIMUM WAGE COMPENSATION

50. Plaintiff re-alleges and reasserts each allegation set forth in the paragraphs above as if each were set forth herein.

51. The FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

52. The FLSA prohibits a taking or assignment by Perfect 10 or its management or non-customarily tipped employees of tips or gratuities received by tipped employees from customers.

53. As set forth above, at all times during the Class Period, Perfect 10 failed to pay Plaintiff and other similarly situated individuals any compensation for hours worked and, in so doing, failed to pay Plaintiff and other similarly situated individuals minimum wage compensation as required by the FLSA.

54. As set forth above, at all times during the Class Period, Perfect 10 unlawfully kept and/or assigned tips and gratuities Plaintiff and other similarly situated individuals received from customers.

55. The acts and omissions set forth in this Complaint for which Perfect 10 is liable were performed or omitted willfully and intentional, and not in good faith for the entirety of the Class Period.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for relief as follows:

A. Judgment finding Perfect 10 estopped or otherwise prohibited from compelling the FLSA claims of Plaintiff and/or any other similarly situated individual to arbitration pursuant to an arbitration agreement Perfect 10 knowingly and intentionally failed and refused to proffer when so requested by Plaintiff at the pre-litigation stage of this action.

B. Certifying this matter as a Collective Action pursuant to FLSA Section 216(b).

C. Judgment against Perfect 10 for failing to pay free and clear minimum wage compensation to Plaintiff and other similarly situated individuals as required by the FLSA;

D.  Judgment against Perfect 10 for unlawfully taking and/or assigning tips and gratuities received by Plaintiff and other similarly situated individuals from customers in violation of the FLSA;

E.  Judgment against Perfect 10 for unlawfully charging Plaintiff and other similarly situated individuals kickbacks, fines, fees, and surcharges in violation of the FLSA;

F.  An award to Plaintiff and other similarly situated individuals in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and other similarly situated individuals for the entirety of the Class Period;

G.  An award to Plaintiff and other similarly situated individuals in the amount of all tips and gratuities unlawfully taken and/or assigned for the entirety of the Class Period;

H.  An award to Plaintiffs and other similarly situated individuals in the amount of the return of all kickbacks, fines, fees, and surcharges assessed against or otherwise taken from Plaintiff and other similarly situated individuals for the entirety of the Class Period;

I.  An award of statutory liquidated damages in amounts prescribed by the FLSA;

J.  An award of attorneys' fees and costs to be determined by post-judgment petition;

K.  An award of pre-judgment interest; and

L.  Such further relief as may be necessary and appropriate.

                        Respectfully submitted,

Dated: September 17, 2019

                        _____
                        Jay Forester, Texas Bar No. 24087532
                        **FORESTER HAYNIE PLLC**
                        1701 N. Market Street, Suite 210
                        Dallas, Texas 75202
                        (214) 210-2100 phone
                        Email: jay@foresterhaynie.com

Gregg C. Greenberg, Esq
(To be Admitted Pro Hac Vice)
**ZIPIN, AMSTER & GREENBERG, LLC**
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Counsel for Plaintiff and the Class Members*